UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, | 18-cv-4393 (JGK) <br><br> MEMORANDUM OPINION AND ORDER |
| Petitioners, | |
| - against - | |
| VISUAL ACOUSTICS, LLC, | |
| Respondent. | |

JOHN G. KOELTL, District Judge:

The petitioners seek to confirm an arbitration award pursuant to section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. The petitioners are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. (the "ERISA Funds"); the trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3) (the "Charity Fund"); a New York not-for-profit corporation; and a labor union (the "Union"), which represents employees in an

1

industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the respondent. The respondent, Visual Acoustics, LLC, is a New Jersey business corporation authorized to conduct business within the State of New York, and was, at relevant times, an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

The underlying dispute arose out of the petitioners' effort to collect contributions owed to the petitioners by the respondent under an Independent Building Construction Agreement (the "Agreement").

I.

On or about June 12, 2007, the respondent executed a collective bargaining agreement (the "International Agreement") with the United Brotherhood of Carpenters and Joiners of America (the "UBCJA"), which automatically renewed for three-year terms unless either party canceled. Neither party canceled the International Agreement. The International Agreement obligated the respondent to comply with the contractual wages, fringe benefits, hours, and other working conditions established between the respondent and the local affiliate of the UBCJA by the relevant bargaining agreement, in this case the Agreement, in the localities in which the respondent did work within the jurisdiction of the UBCJA. The Union is the local affiliate of

2

the UBCJA in the relevant locality. On or around September 9, 2002, the respondent executed the Agreement with the Union. The Agreement required the respondent to remit contributions to the ERISA Funds and the Charity Fund (together, the "Funds") for work done by the respondent's employees within the trade and geographical jurisdiction of the Union. The Agreement also obligated the respondent to furnish its books and payroll records when requested by the Funds so that the Funds could audit the respondent's compliance with the Agreement. The Agreement provided that the respondent would be responsible for attorney's fees for efforts by the Funds to collect monies owed pursuant to the Agreement. Pursuant to the Agreement, the parties agreed to submit any dispute concerning the Agreement to arbitration before an impartial arbitrator.

After auditing the respondent's books and records, the petitioners determined that the respondent had not remitted all contributions owed to the petitioners under the Agreement, and the petitioners initiated an arbitration pursuant to the procedures set forth in the Agreement.

The arbitrator, Roger E. Maher, held a hearing on February 13, 2018. The petitioners were represented by counsel. Although the petitioners had provided legally sufficient notice of the hearing to the respondent, the respondent did not attend the hearing or request an adjournment. On February 21, 2018,

Arbitrator Maher issued a written Opinion and Award, finding that the respondent had violated the Agreement. The arbitrator awarded the petitioners a total of $10,058.80, consisting of principal contributions of $3,110.40; interest of $844.31; liquidated damages of $844.31; non-audit late payment interest of $233.30; promotional fund fees of $6.40; court costs of $400; attorney's fees of $1,500; an arbitrator fee of $500; and audit costs of $2,630.08; plus interest from the date of the award at the annual rate of 5.75%.

The respondents paid the petitioners the delinquent principal contributions of $3,110.40, but did not pay the remaining $6,948.40.

The petitioners seek (i) confirmation of the arbitration award; (ii) judgment in favor of the petitioners against the respondent for $6,948.40 with interest at the annual rate of 5.75% from the date of the Award to the date of judgment; and (iii) judgment in favor of the petitioners for $343 in attorney's fees and $75 in costs incurred during this action, the entire amount of judgment accruing post-judgment interest at the rate provided under 28 U.S.C. § 1961(a).

## II.

A district court's role in reviewing an arbitration award is extremely limited. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987); United Steelworkers v.

4

Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Misco, 484 U.S. at 36. The Court instructed that "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." Id. (quoting United Steelworkers, 363 U.S. at 596). Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. United States Steel and Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985); see also Trustees of New York City Dist. Council of Carpenters Pension Fund v. Stop & Work Constr., Inc., No. 17-cv-5693, 2018 WL 324267, at *2 (S.D.N.Y. Jan. 5, 2018).

Despite being served with the petitioners' petition, the respondent has not responded. The Court gave the respondent until June 22, 2018 to respond and explained that if the respondent did not respond by that date, the Court would decide the petition based on the papers that had been submitted by the petitioner. Dkt. No. 7. The responded did not respond.

The Second Circuit Court of Appeals has explained that a default judgment is generally inappropriate in a proceeding to

5

confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself. . . . [T]he petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In this action, Arbitrator Maher's award was not "his own brand of industrial justice." Misco, 484 U.S. at 36 (quoting United Steelworkers, 363 U.S. at 596). Rather, Arbitrator Maher found that "substantial and credible evidence" supported the determination that the respondent owed the petitioners for delinquent benefits under the Agreement for the period from

6

August 28, 2010 through March 24, 2017. Pet. Confirm Arbitration Award Ex. E ("Pet."). The uncontroverted testimony and evidence established that the respondent was bound by the Agreement, and that the respondent had violated the Agreement and owed the petitioner $10,058.80 plus post-award interest at a rate of 5.75%. Pet. Ex. E. The petitioner represents that the respondent thereafter paid the petitioner $3,110.40 of the $10,058.80 that the respondent owed.

Based on the limited review that is appropriate of an unopposed petition to confirm an arbitration award, the Court finds that there is no genuine dispute of material fact and that the petitioners' petition should be confirmed.

The petitioners also seek judgment to recover attorney's fees expended in this action. Courts in this district have observed that "courts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." <u>Trustees of New York Dist. Council of Carpenters Pension Fund v. All. Workroom Corp.</u>, No. 13-cv-5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting <u>Abondolo v. H. & M. S. Meat Corp.</u>, No. 07-cv-3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases) (internal quotation marks omitted)).

The attorney's fees sought by the petitioners are supported by the Agreement and are reasonable. Article XV, Section 6(a) of the Agreement provides:

> In the event that formal proceedings are instituted before a court of competent jurisdiction . . . to collect delinquent contributions . . . and if such court renders a judgment in favor [of the Funds], the Employer shall pay to such Fund(s) . . .
> (4) reasonable attorney's fees and costs of the action . . .

Pet. Ex. B, Art. XV, Section 6(a). In support of the petitioners' claim for attorney's fees, the petitioners' counsel submitted an invoice listing the tasks completed, the attorney's hourly billing rates, and the total hours billed. Pet. Ex. F. The petitioners seek $343 in attorney's fees for 1.9 hours of work, for which petitioners' counsel billed the services of an "Of Counsel" attorney at a rate of $350 per hour and the services of a legal assistant at a rate of $120 per hour. Id.

The rates billed and time expended on this action by the petitioners' counsel are reasonable. See Trustees of New York Dist. Council of Carpenters Pension Fund v. Metro. Fine Mill Work Corp., No. 14-cv-2509, 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015) (approving attorney's fees that billed associates at a rate of $225 per hour and paralegals at a rate of $100 per hour).

The petitioners are also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.") (citing 28 U.S.C. § 1961(a)).

## CONCLUSION

The Clerk of Court is directed to enter judgment granting the petition to confirm the arbitration award dated February 21, 2018 in the unpaid amount of $6,948.40, plus interest from the date of the arbitration award, accrued at an annual rate of 5.75% until the date of judgment. The Clerk is also directed to enter judgment in favor of the petitioners and against the respondent in the amount of $343 in attorney's fees and $75 in costs. Post-judgment interest on the entire amount of the judgment will accrue from the date of the judgment at the rate provided by 28 U.S.C. § 1961(a). The Clerk is further directed to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**June 27, 2018**

John G. Koeltl
United States District Judge